# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| VIRGIL JUSTIN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17-CV-77 |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the complaint filed by Virgil Justin Smith, a pro se prisoner, on January 26, 2017. For the reasons set forth below, the Court: (1) **GRANTS** Virgil Justin Smith, leave to proceed on an Eighth Amendment claim for compensatory damages against Andrew K. Manning, LMHC, in his individual capacity for denying Smith mental health treatment by changing Smith's Mental Status Classification on March 6, 2016, to indicate that Smith was "Free of mental illness" which caused Smith to attempt suicide on April 9, 2016; (2) **DISMISSES** all other claims; (3) **DISMISSES** Indiana Department of Correction, Corizon Medical Services, Bruce Lemmon, Ron Neal, Reinaldo Matias PHD, and Jennifer Harmon-Nary PsyD; (4) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Andrew K. Manning, LMHC, with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42

U.S.C. § 1997e(g)(2), that Andrew K. Manning, LMHC, respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

DISCUSSION

Smith is suing seven defendants for failing to provide him with mental health treatment while he was housed in the Administrative Restrictive Status Housing (ARSH) unit at the Indiana State Prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Smith alleges that on March 6, 2016, he told Andrew K. Manning, LMHC (Licensed Mental Health Counselor), that he was going to kill himself because he was in ARSH. In response, he alleges that Manning changed his Mental Status Classification to indicate that Smith was "Free of mental illness" (ECF 1-1 at 7) and thereby deprived Smith of mental health treatment which would have prevented Smith from attempting suicide on April 9, 2016. "For a medical professional to be liable for deliberate indifference to

an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Smith has stated a claim against Manning in his individual capacity for a violation of the Eighth Amendment.

Smith is also suing Jennifer A. Harmon-Nary, Psy.D., who provided him with mental health treatment when he was in ARSH in 2015 – more than a year before he attempted suicide. On that occasion, Smith was released from ARSH on March 27, 2015. He contends that she should have provided him with mental health treatment when he returned on November 13, 2015. However he has not alleged any facts from which it can be plausibly inferred that she knew he had returned to ARSH, that he still needed mental health treatment, or that he suffered any injury as a result of her not providing treatment. Rather, it is his allegation that Manning stopped his mental health treatment when he changed his Mental Status Classification on March 6, 2016. Therefore this complaint does not state a claim against Dr. Harmon-Nary.

Smith alleges that Dr. Reinaldo Matias should have provided mental health treatment after Dr. Harmon-Nary left her employment at the Indiana State Prison. However, for the same reasons that

Smith did not state a claim against Dr. Harmon-Nary, he has not stated a claim against Dr. Matias either.

Smith alleges that Corizon Medical Services (a private corporation which provides medical services at the prison) had a duty to provide him with mental health services because he had told its employees he wanted to kill himself. "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014), *quoting Rice ex rel. Rice v. Corr. Med. Servs*., 675 F.3d 650, 675 (7th Cir.2012). However, Smith has not plausibly alleged that he was injured as a result of a policy or practice of Corizon. Rather he has alleged that a Corizon employee – Manning – changed his Mental Status Classification and thereby cancelled his mental health treatment with deliberate indifference and outside the scope of professional judgment, practice, or standards. As such, he has not stated a claim against Corizon.

Smith alleges that Commissioner Bruce Lemmon and Superintendent Ron Neal were aware of his mental illness and obligated to provide him with treatment. First, Smith has not plausibly alleged facts from which it can be reasonably inferred that these high ranking officials had personal knowledge of his medical condition. Nevertheless, even if they did, Smith was under the care of medical personnel and "[a] layperson's failure to tell

the medical staff how to do its job cannot be called deliberate indifference . . ..\" *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore this complaint does not state a claim against Commissioner Lemmon or Superintendent Neal.

Finally, Smith listed the Indiana Department of Correction (IDOC) as a defendant in the caption of his complaint. But in the body, he did not allege any facts showing that it could be liable to him. Moreover, even if he had named the IDOC in the body of the complaint, it would have been dismissed pursuant to the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Virgil Justin Smith, leave to proceed on an Eighth Amendment claim for compensatory damages against Andrew K. Manning, LMHC, in his individual capacity for denying Smith mental health treatment by changing Smith's Mental Status Classification on March 6, 2016, to indicate that Smith was "Free of mental illness" which caused Smith to attempt suicide on April 9, 2016; (2) **DISMISSES** all other claims; (3) **DISMISSES** Indiana Department of Correction, Corizon Medical Services, Bruce Lemmon, Ron Neal, Reinaldo Matias PHD, and Jennifer Harmon-Nary PsyD; (4) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Andrew K.

Manning, LMHC, with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Andrew K. Manning, LMHC, respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: April 18, 2017**     /s/Rudy Lozano, Judge
                              **United States District Court**